**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                             CASE NO.  5:18cr8-RH

JAMI HILL,

                 Defendant.

_____/

**ORDER DENYING THE GOVERNMENT'S
MOTION TO ADMIT 404(b) EVIDENCE**

The government has moved in limine for an order determining that evidence
of a prior crime is admissible under Federal Rule of Evidence 404(b). This order
denies the motion without prejudice because, at least on the current record and
proffers, any probative value of the evidence is substantially outweighed by the
danger of unfair prejudice.

The indictment alleges that on August 24, 2017, the defendant Jami Hill
possessed with intent to distribute cocaine, MDMA, and methamphetamine. The
allegation arises from Ms. Hill's attempt to mail a package that contained roughly
200 pills and $8,100 in cash. Laboratory analysis showed that the pills contained
the drugs listed in the indictment.

When a postal inspector discovered the pills and money, Ms. Hill said she did not know the pills were in the package. She gave an innocent explanation for the cash. Ms. Hill apparently will defend at trial on the same basis.

The government proposes to prove that on August 2, 2007—just over 10 years before Ms. Hill mailed the package now at issue—a confidential informant bought 7 grams of methamphetamine from Ms. Hill and she admitted having bought 21 grams from her supplier that morning. Federal Rule of Evidence 404(a) makes clear that this evidence is inadmissible to show propensity to distribute drugs.

The government says, though, that this evidence is admissible under Rule 404(b) to show intent, knowledge, and absence of mistake. Those are permissible purposes under Rule 404(b). And those all go to issues the government must prove; the government must prove that Ms. Hill knew drugs were in the package and intended to distribute them. Rule 404(b) is a rule of inclusion that often supports admission of evidence of this kind. *See, e.g.*, *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003); *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994).

Even so, under Rule 403, a court has discretion to exclude evidence when its probative value is substantially outweighed by a danger of unfair prejudice. *See Jernigan*, 341 F.3d at 1282-83. The probative value of the 2007 evidence must be

evaluated based on its capacity to prove intent, knowledge, and absence of mistake, without taking into account its capacity to prove Ms. Hill's propensity to distribute drugs. For the permissible purposes, the probative value of the 2007 evidence is limited.

First, although intent is an issue, there will be little basis to dispute that, if Ms. Hill knew these pills were in the package she attempted to mail, then she intended to distribute them. Mailing something to another person is, by definition, distribution. Any assertion that Ms. Hill did not intend to mail the package—and thus to distribute its contents—would be frivolous.

Second, although knowledge that the pills were in the package is the critical issue in this case, nothing about the 2007 evidence, at least as currently proffered, supports the claim that Ms. Hill knew that the pills were in the package, with one exception. The exception is this: the 2007 evidence suggests Ms. Hill had a propensity to distribute drugs, which makes it more likely she knew drugs were in the package. But the evidence cannot be considered for propensity.

The government has not suggested that the methamphetamine bought and sold in 2007 looked like or was otherwise similar to the 200 pills now at issue. And there is no reason to believe Ms. Hill will assert, or that a jury could reasonably conclude, that Ms. Hill knew these pills were in the package but did not know they

contained illegal drugs. In short, the 2007 evidence provides little if any useful, properly considered evidence of knowledge.

Third, absence of mistake is the flip side of intent and knowledge. Thus absence of mistake is an issue. But as set out above, the 2007 evidence provides no information on whether these pills were put in the package by mistake, again with this exception: the 2007 evidence shows Ms. Hill's propensity to distribute drugs.

In sum, the probative value of this evidence, when shorn of its tendency to show propensity, is limited. This is especially so given the age of the evidence and the lack of similarity between the 2007 and 2017 transactions. The prejudicial impact of the 2007 evidence would be great. Unless the analysis changes based on developments at trial, the 2007 evidence will be excluded under Rule 403.

For these reasons,

IT IS ORDERED:

The government's motion in limine, ECF No. 25, is denied. Unless authorized on a request made outside the jury's hearing, the defendant's 2007 distribution of methamphetamine must not be mentioned in the jury's hearing or suggested to the jury in any way.

SO ORDERED on November 21, 2018.

s/Robert L. Hinkle_____
United States District Judge