**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

v.                                         CASE NO.  5:18cr8-RH

JAMI NICHOLE HILL,

      Defendant.

_____/

## ORDER DENYING THE MOTION FOR REHEARING

The defendant's motion to suppress was denied after an evidentiary hearing. The defendant has moved for rehearing—in effect, to reopen the evidentiary hearing. This order denies the motion.

### I

The defendant delivered a package to a post office for mailing. A suspicious clerk notified her superior, who notified a postal inspector. The inspector notified the defendant, who came to the post office and consented to a search of the package. Inside the inspector found roughly 200 multicolored pills that he believed were illicit and more than $8,000 in cash. This provided probable cause to seize the defendant's cell phone. The defendant voluntarily provided the inspector the phone's pass code. The inspector contacted an Assistant United States Attorney,

who presented an application for a warrant to search the phone's contents. A magistrate judge granted the application. Using the pass code, government agents searched the phone.

The defendant moved to suppress the pills and cash as well as evidence from the phone. After a full and fair evidentiary hearing, the order of July 5, 2018 denied the motion.

## II

In her motion for rehearing, the defendant asserts she was rushed at the hearing and thus unable to fully develop the facts. But the defendant had an unencumbered opportunity and every incentive to develop the facts at the original hearing. A new hearing would change nothing. The defendant lost the motion to suppress not because of any deficient procedure at the hearing but because the facts do not support the motion to suppress.

To be sure, I interrupted the defense attorney twice, both times very briefly. The first occurred after the defense attorney asked the inspector a number of questions that were repetitive, barely relevant, and inconsequential. The interruption came after a repetitive question about the appearance of the 200 multicolored pills that were found in the mailed package. ECF No. 41 at 39. The inspector had already testified that he immediately recognized the pills as probably illicit—testimony not reasonably subject to dispute, no matter how many times he

was asked. My request to move on to something of consequence was immediately ignored by the defense attorney. *See id.* (resuming questioning about the appearance of the pills and, remarkably, asking yet again whether they were "different colored").

Later, I briefly interrupted the defense attorney's questioning on whether the inspector seized the phone or it was voluntarily turned over. *Id.* at 56. I interrupted this because it was already plainly established that the phone was seized, just as the defense asserted. The defense was prolonging the proceeding on an issue it was sure to win. I knew this based on the prehearing memoranda and based on the testimony already given. And indeed, the government eventually admitted that the phone was seized. *Id.* at 60-61.

When an attorney is being unduly repetitive or wasting time on an issue whose resolution is clear, I sometimes attempt to move things along. I did that here. I also noted that too little time had been reserved for the hearing—a circumstance that, as it turns out, was attributable to the government's attorney, not the defendant's. I noted this so that, in future cases, the error would not be repeated; the attorneys on both sides frequently appear in this court. But I also made clear that as much time was available for the hearing as needed: "We'll take however long it takes. What I don't want to do is waste time . . . ." ECF No. 41 at 61.

The discussion of the amount of time reserved for this hearing had no effect on the disputed issues. The defense attorney thoroughly explored the issues, examining witnesses at length. The assertion that this hearing was truncated is simply not correct. The defense now has proffered testimony of two new witnesses, but the failure to call those witnesses at the first hearing had nothing to do with how much time was reserved. Moreover, the new witnesses' proffered testimony would not change the finding that the defendant voluntarily provided her pass code. The defendant has proffered nothing that could not have been presented at the first hearing, had the defendant chosen to present it, and nothing that would have affected the outcome.

In the decades and indeed centuries in which lawyers have been trying cases and arguing appeals, there may never have been a proceeding after which it did not occur to an attorney that an additional question could have been asked or a better answer given. But the rules do not require a court to afford an attorney unlimited time at an initial hearing or an opportunity for an additional hearing if, after a ruling, the attorney believes more could have been said or done the first time. There is no basis for an additional hearing here.

## III

After the hearing, the government filed a notice clarifying information on an inconsequential detail. The inspector's testimony at the hearing was indefinite on

the date when he first contacted a government attorney about obtaining a search warrant for the phone. *See* ECF No. 41 at 46 (indicating he first contacted the attorney "sometime during th[e] week" of August 28); *id*. at 47 (indicating he did not recall the date when the attorney responded). The July 5 order concluded, based on the inspector's testimony and all the evidence, that the inspector contacted the attorney "probably by August 29." ECF No. 37 at 3. In its post-hearing filing, the government said a review of the government's attorney's records showed the date was August 31. ECF No. 38 at 2. (The government's filing repeatedly put the relevant dates in 2018, but as is clear, the dates were in 2017—the references to 2018 were scrivener's errors.)

The government's new filing shows that the July 5 order's statement that the contact probably occurred by August 29 was probably wrong. But this impugns the inspector's credibility not at all. It remains my finding, as set out in the July 5 order, that, "[i]n general," the inspector's testimony was credible. ECF No. 37 at 4. More importantly, the ruling would be the same—the motion to suppress would be denied—regardless of whether the inspector contacted the attorney about a search warrant on August 29 or 31 or at any other time during the week of August 28.

## IV

In sum, the defendant received a full and fair hearing on her motion to suppress. An additional hearing would change nothing.

For these reasons,

IT IS ORDERED:

The motion for rehearing, ECF No. 67, is denied.

SO ORDERED on November 21, 2018.

s/Robert L. Hinkle
United States District Judge